IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JARED AHMAN HESY-RA EL,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　Case No. 1:16-cv-373-MW-GRJ

STATE OF FLORIDA, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before this Court is ECF No. 1, Plaintiff's *pro se* complaint. In Plaintiff's complaint, which he failed to file on the proper court-approved form for *pro se* litigants, he purports to raise claims against the State of Florida, State Attorney R. J. Larizza, and Judge Judy D. Davidson, relating to a traffic citation that Plaintiff received in Daytona Beach, Florida, on October 27, 2016, less than two months before this case was filed. Although the Court normally allows *pro se* plaintiffs to amend to correct deficiencies in their filings,[1] there is no reason to do so in this instance

---

[1] In addition to failing to file on the proper form, Plaintiff also failed to either pay the filing fee or file a motion to proceed as a pauper.  Pursuant to N.D. Fla. Loc. R. 5.1(H), "[a] civil action shall not be filed by the clerk until the fee is paid . . . unless the complaint or petition is accompanied by a motion for leave to proceed *in forma pauperis* [IFP]."

because Plaintiff is attempting to challenge actions in a pending state court case. Instead, for the reasons discussed below, the Court respectfully recommends that this case should be dismissed.

## I. DISCUSSION

For reasons that are not apparent in the pleading, the Complaint is entitled "Affavidvit [sic] In The Form of Notice of Removal." ECF No. 1. There is no basis for "removal" of a state traffic case to federal court. Moreover, while the claims in the Complaint are unintelligible,[2] Plaintiff appears to take issue with the Daytona Beach police officer's decision to ticket him for driving an unregistered vehicle and with the prosecution of the case in state court, which Plaintiff deems "malicious." *Id*. at 3-4. Plaintiff's prayer for relief can best be described as a word salad; the Court can only surmise that Plaintiff seeks to have the traffic ticket dismissed. *See id*. At 5-7.

Under *Younger v. Harris*, the Court is barred from hearing this claim regarding Plaintiff's pending state court case. 401 U.S. 37, 41, 45 (1971) (describing "the national policy forbidding federal courts to stay or enjoin

---

[2] Although Plaintiff includes a lengthy list of treaties, declarations, and amendments to the U.S. Constitution, it is unclear how any of these are related to his allegations or provide Plaintiff with a basis for his requested relief.

pending state court proceedings except under special circumstances" and noting that "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions"). "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Id.* at 43. Because Plaintiff has not shown that any exception is present in this case,[3] the Court has no authority to grant the relief that Plaintiff requests.

## II. RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that:

Plaintiff's complaint, ECF No. 1, should be **DISMISSED without prejudice** and the Clerk should be directed to close the file.

**IN CHAMBERS** this 18th day of January 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[3] One such exception that may allow for interference by a federal court in a state court proceeding is if there is a showing of irreparable injury. *Younger*, 401 U.S. at 46. Notably, however, "in view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is 'both great and immediate.'" *Id.* (quoting *Fenner v. Boykin*, 271 U.S. 240, 243 (1926)). Plaintiff has failed to allege that he would suffer any irreparable injury if the Court does not intervene in his pending state court case.